IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASTON ROLLINS, #B05747, <br><br> Plaintiff, <br><br> v. <br><br> DR. MEYERS, and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 24-cv-00114-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Caston Rollins, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Centralia Correctional Center (Centralia), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that in February of 2022, he was seen by a nurse practitioner for "problems" he was having with his leg and other injuries. (Doc. 6, p. 7). During the appointment,

---

[1] Plaintiff filed the First Amended Complaint prior to Section 1915A review and Defendants being served. *See* FED. R. CIV. P. 15(a).

Plaintiff was directed to squeeze the nurse practitioner's hand and move his feet. The nurse practitioner asked him questions and ordered an x-ray.

Following this appointment, Plaintiff submitted multiple requests to see a doctor because he continued to have issues with his right leg. He was experiencing pain and having trouble walking. Plaintiff states that he would lose feeling in his leg, causing him to collapse. By March, when he still had not been scheduled to see a doctor, Plaintiff wrote a grievance complaining about the lack of care and seeking medical treatment.

Plaintiff was not scheduled to see a doctor until June 14, 2022. Plaintiff arrived at the health care unit for his appointment. The appointment, however, was cancelled, and he was not seen by a medical provider because his CT scan was not in his medical file.

The following month, Plaintiff had an appointment with Dr. Meyers. Dr. Meyers told Plaintiff there was nothing wrong with his leg and that he "just [needed] to lose some weight." Dr. Meyers did not properly examine his leg.

The following year, on May 10, 2023, Plaintiff another had an appointment with Dr. Meyers. Plaintiff told Dr. Meyers that he had discovered a lump behind his right knee, and the lump may be the cause of his issues. Dr. Meyers again did not examine Plaintiff and told him he "just needed to lose some weight that was [what] was wrong with him." Plaintiff reminded Dr. Meyers that he had complained about the pain in his right leg last year.

On May 22, 2023, Plaintiff was seen by a doctor at St. Mary's Hospital for problems with his neck and back. Plaintiff showed the doctor his right leg, and the doctor told Plaintiff that he needed surgery.

Plaintiff was seen by Dr. Caldwell on June 13, 2023, and Dr. Caldwell also advised Plaintiff that he needed surgery. On June 20, 2023, an MRI was performed. The lump was diagnosed as a

Baker's cyst, and a surgical consolation was recommended.

As of January 17, 2024, when Plaintiff commenced this lawsuit, he has not received surgery and continues to experience pain in his leg and difficulty walking. Plaintiff asserts that his care has been delayed because Wexford Health Sources, Inc. does not have a doctor who is regularly assigned to Centralia and has a practice of delaying recommended surgeries.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim against Dr. Meyers and Wexford Health Sources, Inc. for deliberate indifference to Plaintiff's serious medical needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

The Court will allow Count 1 to proceed. Plaintiff alleges that Dr. Meyers has not provided adequate treatment for his leg. As a result, Plaintiff has continued to struggle walking, suffered repeated falls, and been in "pain for over 23 months." (Doc. 1, p. 8).

Plaintiff has also stated a viable claim against Wexford Health Sources, Inc. (Wexford). Plaintiff alleges that his medical treatment was and continues to be denied and delayed because of Wexford practices of (1) understaffing Centralia by not having a regular doctor assigned to the correctional facility; and (2) delaying recommended surgeries. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) (discussing corporate liability under *Monell*). Count 1 will proceed against Wexford.

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

**DISPOSITION**

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Meyers and Wexford Health Sources, Inc.

Because Plaintiff claims involve his health care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Meyers and Wexford Health Sources, Inc. the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. §

1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2024**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.