IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASTON ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-114-MAB |
| | ) |
| DR. PERCY MYERS and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 24), Defendants' Motion to Withdraw Affirmative Defense (Doc. 25), Plaintiff's Motion to Compel (Doc. 28), and Defendants' Motion to Strike (Doc. 30). For the reasons set forth below, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED (Doc. 24), Defendants' Motion to Withdraw Affirmative Defense is DENIED as MOOT (Doc. 25), Plaintiff's Motion to Compel is DENIED as MOOT (Doc. 28), and Defendants' Motion to Strike is DENIED (Doc. 30).

1. *Motion for Leave to File an Amended Complaint (Doc. 24)*

Plaintiff's Amended Complaint named Dr. Myers and Wexford Health Sources, Inc., as Defendants (Doc. 6). Specifically, Plaintiff alleged that Dr. Myers acted with deliberate indifference to his serious medical needs by failing to provide him with adequate care when he complained of his leg injury (*Id.* at pp. 7-8). Similarly, Plaintiff claimed that Wexford acted with deliberate indifference to his serious medical needs

related to his knee injury by not regularly staffing a doctor at Centralia Correctional Center and by delaying recommended surgeries (*Id.*).[1]

A review of Plaintiff's Amended Complaint (*Id.*) was conducted pursuant to 28 U.S.C. § 1915A, and Plaintiff was permitted to proceed on one claim:

> **Count 1:** Eighth Amendment claim against Dr. [Myers] and Wexford Health Sources, Inc. for deliberate indifference to Plaintiff's serious medical needs.

(Doc. 11, p. 3). Dr. Myers and Wexford filed their Answer to Plaintiff's Amended Complaint on August 16, 2024 (Doc. 22). Pursuant to the Initial Scheduling Order, Plaintiff's Motion to Amend, if any, was due on or before October 21, 2024, and Defendants' dispositive motions based upon the failure to exhaust administrative remedies were due on or before November 18, 2024 (*see* Doc. 23).

On September 3, 2024, Plaintiff timely filed the instant Motion for Leave to File an Amended Complaint (Doc. 24), as well as an accompanying Proposed Second Amended Complaint (Doc. 24-1). Notably, Plaintiff's Proposed Second Amended Complaint seeks to add additional factual allegations relating to his existing claim against Dr. Myers and Wexford, as well as additional factual allegations and an accompanying Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, claim against Latoya Hughes, the Director of the Illinois Department of Corrections ("IDOC") (*see generally* Doc. 24-1). More precisely, Plaintiff's Second Amended Complaint seeks to sue Director Hughes, in her official capacity, for failing to ensure Centralia was equipped to provide ADA

---

[1] For additional details regarding the contents of Plaintiff's Amended Complaint, see the Amended Complaint (Doc. 6) and the Court's Merit Review Order (Doc. 11).

transportation accommodations (*Id.* at p. 9). Plaintiff further alleges that at all relevant times, he used either a wheelchair, walker, or cane, and required ADA compliant transportation (*Id.*). He claims that due to the IDOC's failure to provide him with ADA compliant transportation, he fell and damaged his right knee while being transported to the hospital (*Id.*). Defendants did not file a response to Plaintiff's Motion for Leave to File an Amended Complaint.

The Federal Rules of Civil Procedure instruct that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). In interpreting Rule 15(a), the Supreme Court of the United States has explained that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, district courts can deny leave to amend if there is undue delay, bad faith, or dilatory motive, if the plaintiff repeatedly failed to cure deficiencies in the complaint, if the opposing party would suffer undue prejudice, or when the amendment would be futile. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F. 3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F. 3d 788, 796 (7th Cir. 2008)). "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

The Court has identified several reasons to grant Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 24). First, Rule 15(a) and the Supreme Court both direct this Court to freely grant leave to amend absent reasons to the contrary. *See Foman*, 371 U.S. at 182. Second, having reviewed: (1) the record, (2) the timeliness of Plaintiff's

motion, and (3) the contents of the proposed Second Amended Complaint (Doc. 24-1), the Court does not believe any of the reasons discussed in *Arreola* for denying a motion to amend are applicable. *See* 546 F.3d at 796. Additionally, Plaintiff's motion to amend was made very early on in the course of these proceedings and well before the deadline to amend had passed. Moreover, Defendants have not filed a response in opposition or otherwise opposed Plaintiff's motion. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED (Doc. 24).

Plaintiff's new claim raised against Director Hughes in the Second Amended Complaint is subject to review under 28 U.S.C. § 1915A.[2] Here, Plaintiff raises an ADA claim against Director Hughes, in her official capacity, based upon the failure to provide him with ADA compliant transportation, which caused him to fall and damage his right knee when returning to Centralia in a van that was not ADA compliant (Doc. 24-1 at pp. 9-10). Taking the allegations as true and drawing all reasonable inference in Plaintiff's favor, as the Court must, *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citation omitted), Plaintiff has sufficiently stated an ADA claim against Director Hughes, in her official capacity, for failing to provide ADA compliant transportation. *See also Reeves v. Hughes*, 24-CV-02445-SMY, 2025 WL 1684256, at *3 (S.D. Ill. June 16, 2025) (Noting that the "the proper defendant [for an ADA claim] is the relevant state department or agency"

---

[2] Pursuant to section 1915A, any portion of the Second Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Notably, the Court need not conduct another round of preliminary review as to the claim against Dr. Myers and Wexford because, although Plaintiff has included additional factual allegations, the merits of the claim were already determined to be sufficient in the Court's first Merit Review Order (*see* Doc. 11).

and finding "Plaintiff has correctly included Latoya Hughes, in her official capacity as the IDOC Director, as [that] defendant[.]").

Thus, Plaintiff is permitted to amend his Complaint to add an ADA claim against Latoya Hughes, in her official capacity as the Director of the IDOC. Accordingly, this case will proceed on the following claims:

> **Count 1:** Eighth Amendment claim against Dr. Myers and Wexford Health Sources, Inc. for deliberate indifference to Plaintiff's serious medical needs.
>
> **Count 2:** ADA claim against Latoya Hughes, in her official capacity as the IDOC Director, for failing to accommodate Plaintiff's disability by providing him with transportation in an ADA-compliant vehicle.

Defendants shall timely file an appropriate responsive pleading to the Second Amended Complaint and, pursuant to 42 U.S.C. § 1997e(g), shall not waive filing a reply. Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the original Merit Review Order (Doc. 11) and in this Merit Review Order.[3] **In doing so, Defendants should rely upon the count designations provided in this Order.**

In the event Dr. Myers and/or Wexford re-assert the affirmative defense or failure to exhaust administrative remedies, and/or Director Hughes asserts the failure to exhaust as an affirmative defense, Defendants' motion(s) for summary judgment on the issue of exhaustion are **due within sixty (60) days of filing their answer(s)** to the Second Amended Complaint.

---

[3] Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

2. <u>Motion to Withdraw Affirmative Defense (Doc. 25)</u>

On November 18, 2024, Defendants filed a Motion to Withdraw, seeking to withdraw the affirmative defense raised in their Answer that Plaintiff failed to exhaust his administrative remedies (Doc. 25; *see also* Doc. 22, p. 7). However, as discussed above, Plaintiff has been granted leave to file his Second Amended Complaint, which includes additional factual allegations against Dr. Myers and Wexford, as well as a new claim against Director Hughes. Ultimately, while the Court suspects that the additional factual allegations raised against Dr. Myers and Wexford will not impact their decisions to withdraw the affirmative defense of failure to exhaust administrative remedies, the Court believes it prudent to allow Dr. Myers and Wexford to make that determination for themselves when answering Plaintiff's Second Amended Complaint. Accordingly, Defendants' Motion to Withdraw Affirmative Defense is DENIED as MOOT (Doc. 25).

3. <u>Motion to Compel (Doc. 28)</u>

Additionally, on April 17, 2025, Plaintiff filed a Motion to Compel (Doc. 28). Plaintiff's Motion to Compel sought to compel Defendants to produce certain requested documents and to provide more complete and coherent answers to Plaintiff's interrogatories (*Id.*). Thereafter, Defendants filed a Response in Opposition to Plaintiff's Motion to Compel on April 30, 2025 (Doc. 29). Notably, Defendants' Response argues that Plaintiff's Motion to Compel should be denied because Plaintiff's interrogatories are vague and his requests for production are improper (*Id.*).

Significantly, as stated in the Court's Initial Scheduling Order, discovery on the merits of Plaintiff's claims remains STAYED until the Court resolves the question of

whether Plaintiff has exhausted his administrative remedies (Doc. 23, pp. 5-6). In fact, the Court's Order unambiguously specified that, "**absolutely no discovery on the merits** of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted." (*Id.*) (emphasis in original). Here, Plaintiff's Motion to Compel is improper because it was filed before the Court ruled upon Defendants' Motion to Withdraw, meaning this action had not moved beyond the exhaustion of administrative remedies phase at the time Plaintiff's merits-based discovery motion was filed. Moreover, because Plaintiff is being permitted to amend his complaint to add additional factual allegations and a new claim against a new Defendant, all Defendants will be permitted the opportunity to determine whether they wish to pursue this affirmative defense as applied to Plaintiff's Second Amended Complaint. Therefore, discovery on the merits remains STAYED and Plaintiff's Motion to Compel is DENIED as MOOT (Doc. 28).[4]

4. <u>Motion to Strike (Doc. 30)</u>

Finally, Defendants have filed a Motion to Strike, seeking to strike a specific exhibit attached to Plaintiff's Motion to Compel (Doc. 30). Defendants aver that this exhibit, which is a portion of Wexford's Provider Handbook (*see* Doc. 28 at p. 17), should be stricken because it is marked as confidential and contains proprietary information (Doc.

---

[4] It is certainly possible that some of the issues raised in Plaintiff's Motion to Compel and Defendants' Response may reappear after this case proceeds to merits-based discovery. However, as explained in the Court's Initial Scheduling Order (Doc. 23), those issues can be raised and addressed at that time. Quite simply, the Court declines to address merits-based discovery issues until it has actually permitted the parties to proceed to merits-based discovery.

30). Although Defendants' motion also involves a merits-based discovery document, the Court will briefly address Defendants' substantive contentions because they allege that the document is confidential and subject to a discovery order (*Id.*).

Defendants' Motion to Strike concedes that Defendants did not provide this document to Plaintiff and they are uncertain as to how he obtained it (*Id.* at p. 2). However, Defendants contend that because the top of the document states "Confidential – Subject to General Protective Order," it must be stricken and Plaintiff should be admonished to obey court orders (*Id.* at p. 3).

Without more, this argument lacks merit and must be denied. Again, Defendants concede that they did not provide Plaintiff with this material and there is no indication that Plaintiff has violated a Protective Order applicable to this case. Consequently, absent any explanation as to how Plaintiff obtained this document, the Court questions how Defendants can make the assumption that Plaintiff was subject to and violated a different court's protective order by filing this document.

Rather, to the extent Defendants are concerned that a protective order in a different case has been violated, they should pursue remedies in the proceeding involving that protective order. *See Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 302–03 (N.D. Ill. 1993), *order clarified,* 153 F.R.D. 614 (N.D. Ill. 1993) ("This Court's power to control discovery does not extend to material discovered in other cases."). Ultimately, absent a showing that Plaintiff came about this document by improper means, the Court does not believe that merely labeling it as confidential in another proceeding protects it from disclosure in this proceeding. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("As

Page **8** of **10**

in this case, such a protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes."). Accordingly, Defendants' Motion to Strike is DENIED (Doc. 30).

## Conclusion

For the reasons discussed above, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED** (Doc. 24), Defendants' Motion to Withdraw Affirmative Defense is **DENIED as MOOT** (Doc. 25), Plaintiff's Motion to Compel is **DENIED as MOOT** (Doc. 28), and Defendants' Motion to Strike is **DENIED** (Doc. 30).

The Clerk of Court is **DIRECTED** to file the Second Amended Complaint found at Doc. 24-1 on the docket as a standalone filing**.** Additionally, the Clerk of Court is **DIRECTED** to prepare the following for Defendant Latoya Hughes: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons), and to mail these forms, along with a copy of this Order and the Second Amended Complaint, to Defendant Hughes in accordance with the service procedures outlined in the Court's original Merit Review Order (Doc. 11).

All Defendants shall timely file an appropriate responsive pleading to the Second Amended Complaint and, pursuant to 42 U.S.C. § 1997e(g), shall not waive filing a reply. Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the original Merit Review Order (Doc. 11) and in this Merit Review Order. **In doing so, Defendants should rely upon the count designations provided in this Order.**

In the event Dr. Myers and/or Wexford re-assert the affirmative defense or failure to exhaust administrative remedies, and/or Director Hughes asserts the failure to exhaust as an affirmative defense, Defendants' motion(s) for summary judgment on the issue of exhaustion are **due within sixty (60) days of filing their answer(s)** to the Second Amended Complaint.

Finally, Plaintiff is once again reminded of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 23, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**